IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICK TAPIA,

    Petitioner,

vs.　　　　　　　　　　　　　　　　　　　　Civ. No. 98-100 BB/LCS

TIM LeMASTER, Warden,
et al.,

    Respondents.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

Proposed Findings

    1.  This matter comes before the Court upon Respondents' Motion to Dismiss, filed April 9, 1998.  The Respondents argue that dismissal is appropriate because the Petitioner failed to meet the 1-year statute of limitations set forth in 28 U.S.C. §2244(d)(1), as amended by the Antiterrorist and Effective Death Penalty Act of 1996.  The relevant provision states that the l-year limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. §2244(d)(1)(A).

    2.  The Petitioner, in this case, pursued a direct appeal of his state conviction all the way to the New Mexico Supreme Court.  The New Mexico Supreme Court denied certiorari review on January 10, 1997 and then issued a mandate on January 27, 1997.  The Petitioner filed his 28 U.S.C. §2254 petition on January 26, 1998.  The Respondent argues that the denial of certiorari review constitutes the "final" judgment.  The Petitioner argues, however, that the mandate is the

"final" judgment.

      3.  In New Mexico, "[u]nless otherwise ordered, mandate shall not issue until expiration of fifteen (15) days after entry of disposition of the proceedings and, if timely motion for rehearing is filed, then upon disposition of such motion for rehearing."  SCRA 1986, 12-402(B).  The New Mexico Supreme Court has interpreted a similar previous mandate provision as follows: "Under our practice, a civil case is considered to be finally disposed of and the mandate issues when time for filing a motion for rehearing has expired without a motion being filed or if a motion is filed, when the same is denied."  **Woodson v. Lee,** 74 N.M. 227, 229, 392 P.2d 419, 420 (1964)(quoted in **Bobrick v. State**, 83 N.M. 657, 658, 495 P.2d 1104, 1105 (Ct. App. 1972)).  In other words, the case is not final until the New Mexico Supreme Court issues a mandate.  **Jojola v. Baldridge Lumber Co.**, 96 N.M. 761, 762, 635 P.2d 316, 317 (Ct. App. 1981)(citing **Woodson**).[1]  That being so, the 1-year statute of limitations began to run in this instance on January 27, 1997, the date of the mandate, not the date that certiorari was denied.  Accordingly, the Petitioner the statute of limitations does not bar his habeas corpus petition.  The Respondents' Motion to Dismiss is, therefore, without merit and should be denied.

Recommended Disposition

      I recommend denying the Respondents' Motion to Dismiss.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is

---

[1] "In federal court, for example, a judgment does not become final following appeal until the case is returned to the district court and the mandate is spread. [Citation omitted].  Assuming that similar procedures prevail in the state courts, the date of final judgment may not be the same as the date certiorari is denied."  **Calderon v. United States District Court**, 112 F.3d 386, 389 n.2 (9th Cir. 1997)(declining to decide whether a mandate begins the 1-year statute of limitations).

served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE