IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICK TAPIA,

    Petitioner,

vs.                                            No. CIV 98-100 BB/LCS

TIM LeMASTER, Warden at New
Mexico State Penitentiary, and THE
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

    Respondents.

## **MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court upon Petitioner's Application for a Writ of Habeas Corpus, filed January 26, 1998 *(Doc. 1)*. For the reasons stated, I propose finding that the state remedies have not been exhausted as to Petitioner's ineffectiveness of counsel claim and recommend that proceedings be stayed in this matter for six months so that Petitioner can present these claims to the state court.

Proposed Findings

1.        Petitioner Rick Tapia is currently incarcerated and is proceeding *in forma pauperis*. Counsel was appointed for Mr. Tapia by this Court's Order of July 1, 1998 *(Doc. 20)*. Petitioner is confined pursuant to the Judgment, Sentence and Commitment of the Fourth Judicial District Court for the County of Mora, State of New Mexico dated February 9, 1996 ("Judgment and Sentence"). By that Judgment and Sentence, Petitioner was convicted of second degree

1

murder for the killing of Joaquin Martinez and was sentenced to twenty years imprisonment, to be followed by two years of mandatory parole.

2.	Petitioner's conviction followed a jury trial that took place from January 16-20, 1996 in Mora, New Mexico. Tapia was a resident of Santa Fe, New Mexico, while the victim was a resident of Mora. Prior to the trial, Tapia's counsel filed a motion for change of venue and three motions requesting continuances. Tapia's counsel cited the small size of the community, pre-trial publicity, and the fact that many members of the venire were friends or relatives of the victim or his family as reasons for the change of venue. As reasons for the first continuance motion, Tapia's counsel cited the need for additional time to complete analysis of the jury panel, to complete investigations, and to obtain additional discovery. As reasons for the second and third motions to continue, Tapia's counsel cited the late disclosure by the prosecution of allegedly exculpatory evidence and the failure to provide laboratory reports on blood samples found on the alleged murder weapon until the eve of trial. The trial judge denied each of these motions.

3.	Petitioner raises six claims in his petition:

1) The trial court's failure to grant a change of venue deprived Petitioner of his Sixth Amendment right to a trial by a fair and impartial jury.

2) The trial court's failure to grant Petitioner a continuance violated his Sixth Amendment right to effective assistance of counsel.

3) A transcript of an audio recording was introduced into evidence without proper authentication.

4) Petitioner's sentence was enhanced based on impermissible factors and without considering mitigating circumstances.

5) Petitioner was denied effective assistance of counsel due to the state's failure to disclose lab reports of blood on a knife until four days before trial, the inability of Petitioner's trial counsel to visit the scene of the victim's death due to case

overload, alleged difficulties that Petitioner's trial counsel had in discussing the case with Petitioner because Petitioner was moved from jail to jail in different cities, and other reasons.

6) Petitioner's trial was unfair because Petitioner could not get transcripts of audio tapes allegedly showing that "all witnesses testified that they were drinking and smoking marijuana and snorting crank for three days before the alleged incident." *See* Petition at 12.

4. Petitioner filed a direct appeal that raised the first four claims. The New Mexico Court of Appeals affirmed the conviction on November 27, 1996, and the New Mexico Supreme Court denied certiorari on January 10, 1997. Thus, state remedies have been exhausted as to those claims. *See Smith v. Atkins,* 678 F.2d 883, 885 (10th Cir. 1982) (citing *Sandoval v. Rodriguez*, 461 F.2d 1097, 1098-99 (10th Cir. 1972)).

5. Petitioner filed a Petition for Writ of Habeas Corpus in state court on January 22, 1998. In that petition, Tapia raised the issue of ineffectiveness of trial counsel. His argument as presented in that Petition was that by denying him a continuance, his trial counsel did not have time to conduct laboratory tests on the blood found on the suspected murder weapon. He also argued that his counsel was ineffective because she had difficulty meeting with him or investigating the crime scene because she was located in an office in Las Vegas, sixty miles from Mora. Petitioner also raised the issue that he was denied a fair trial because he was not allowed to introduce evidence of his state of mind at the time of the incident. According to Tapia, a tape purportedly establishing that he and other witnesses had been "drinking and smoking marijuana and snorting crank for three days before the alleged incident" was missing. *See* State Petition for Writ of Habeas Corpus, Ex. J to Answer, at 3-4.

6. In Petitioner's Brief-in-Chief, Petitioner presents the ineffective assistance counsel

issue in a very different light from the way he presented it in his state *habeas corpus* petition. In particular, he now raises two new issues. First, Tapia claims that his trial counsel was ineffective for failing to present to the jury several witness' testimony that allegedly would support his theory that the victim had a knife and thus, the killing was in self-defense, or that another assailant may have inflicted at least one of the victim's stab wounds. Second, Tapia claims that his trial counsel was ineffective because she failed to exercise four peremptory challenges that would have removed two jurors who were acquainted with the victim's family or prosecution witnesses.

7. Petitioner argues in his reply brief that these claims were exhausted because he raised the ineffective assistance of counsel issue in his state *habeas corpus* petition and he raised in his direct appeal the claim that the failure of the trial court to grant a continuance prevented his attorney from adequately investigating his defense. According to Petitioner, he is merely presenting new evidence to the federal court on the ineffective assistance of counsel claim.

8. The requirement that a petitioner seeking relief under 28 U.S.C. § 2254 must exhaust state remedies is not jurisdictional, but is based on concerns of comity and federalism. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). State courts must be afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process," including discretionary appeals to the state supreme court. *See O'Sullivan v. Boerckel*, __ U.S. __, 119 S. Ct. 1728, 1731 (1999). Proper respect for state court convictions requires that the prisoner must fairly present the claims to the state courts. *See Demarest*, 130 F.3d at 932. To be a fair presentation of the petitioner's claims, "[t]he prisoner's allegations and supporting evidence must offer the state courts 'a fair opportunity' to apply

4

controlling legal principles to the facts bearing upon his constitutional claim." *Id.* (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

9. In this case, there is no evidence on the record that Petitioner raised the issue that his counsel was constitutionally ineffective for failing to exercise peremptory challenges to remove jurors connected to the victim's family or to witnesses. At most, Petitioner raised the issue that venue should be changed because a large fraction of the venire panel knew the victim or his family. The New Mexico Court of Appeals rejected that claim on the basis that there was no showing that actual *jurors* were biased, or that there would not have been enough unbiased jurors following the exercise of peremptory challenges to constitute a jury. *See State v. Tapia*, No. 17,300, slip op. at 2 (N.M. Ct. App. Nov. 27, 1996). The issue of trial counsel's failure to exercise peremptory challenges was simply not before the New Mexico appellate courts. I recommend finding that this claim has not been fairly presented to the state courts, and therefore state remedies have not been exhausted.

10. The record also fails to show any indication that the New Mexico courts had the opportunity to consider Petitioner's claim of ineffectiveness of counsel due to the trial counsel's failure to call witnesses who could testify as to a "second knife" or other individuals who might have stabbed the victim. Again, on direct appeal, Tapia only raised the issue that his counsel was denied the opportunity to investigate (and possibly uncover additional evidence) because of the trial court's denial of the three motions to continue. The appellate court affirmed in part because Tapia failed to present an indication of how exculpatory evidence could be obtained if the continuance was granted. *See id.* at 4. The ineffective assistance of counsel issue presented in this federal petition points to evidence that was known to defense counsel, but was not presented.

5

Thus, both the facts and the legal principles are significantly different from what was presented to the New Mexico courts. Petitioner has not exhausted state remedies as to this claim, either.

11. A state may be deemed to waive the exhaustion requirement if it fails to raise the issue in its answer. *See Demarest*, 130 F.3d at 933-34. Although the state conceded exhaustion in its Answer, that concession was based on how Petitioner framed his ineffective assistance of counsel argument in his initial petition. As noted above, Tapia's appointed counsel raised the issue in a very different light in the Brief-in-Chief. Respondent promptly brought the exhaustion requirement to the Court's attention in Respondent's Memorandum Brief. Therefore, the state has not waived the exhaustion requirement as to these claims. *See id.* at 934.

12. Respondent also argues that Petitioner has procedurally defaulted as to the unexhausted claims. When faced with unexhausted claims, this Court should consider whether those claims would be procedurally barred in state court. *See id.* at 939 (citing *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992)). New Mexico law generally prohibits second or successive petitions for writs of *habeas corpus*. *See Jackson v. Shanks*, 143 F.3d 1313, 1318 (10th Cir. 1998). However, New Mexico will consider second petitions where fundamental error is present. *See State v. Gillihan*, 86 N.M. 439, 440, 524 P.2d 1335, 1336 (1974). Under New Mexico law, fundamental error is "such error as goes to the foundation or basis of a defendant's rights." *Id.* at 442, 524 P.2d at 1337 (quoting *State v. Garcia*, 46 N.M. 302, 309, 128 P.2d 459, 462 (1942)).

13. In this case, Petitioner is alleging that his was denied his right to trial by an impartial jury because two jurors were allowed to be seated even though they were friends of the victim's family and/or other witnesses. Further, he alleges that his counsel was ineffective because she did not use four peremptory challenges to remove these allegedly unbiased jurors. Petitioner was not

6

represented by counsel when he filed his state *habeas corpus* petition alleging ineffective assistance of counsel. I conclude that New Mexico courts would not necessarily determine that Tapia has procedurally defaulted on this claim. It is therefore appropriate to require Petitioner to bring these unexhausted claims before the New Mexico courts

      14. Ordinarily, dismissal of the federal action without prejudice is appropriate when a federal court is faced with a partially unexhausted petition. *See Demarest*, 130 F.3d at 939. This case presents cause for deviating from this course of action. Petitioner has no more than eleven days of time remaining under the Antiterrorism and Effective Death Penalty Act's (AEDPA) one year statute of limitations, 28 U.S.C. § 2244(d)(1), even if the "prison mailbox rule" is used to toll Petitioner's statute of limitations beginning when he certifies that his state and federal petitions were deposited in the prison mail system. *See* Magistrate Judge's Proposed Findings and Recommended Disposition *(Doc. 15)*, filed May 12, 1998 (finding that conviction became final January 27, 1997 when Supreme Court mandate denying certiorari issued); Petition for Writ of Habeas Corpus at 9 (Ex. J to Answer) (certifying that state petition was deposited in prison mail on January 16, 1998). In fact, Petitioner may have as little as one day of his AEDPA limitation period remaining. Even assuming the most expeditious efforts by Petitioner, it is likely that a subsequent federal petition would risk being time barred. Accordingly, I recommend finding that these proceedings should be stayed while Petitioner presents his unexhausted claims to the state courts. If Petitioner does not proceed expeditiously so that the state claims can be resolved within six months, then this action should be dismissed without prejudice, without further order of the court.

Recommended Disposition

I recommend that proceedings be stayed in this matter for six months after entry of an order adopting these recommendations or until Petitioner exhausts his state remedies as to his ineffective assistance of counsel claim, whichever comes first. I further recommend that this action be dismissed without prejudice six months after entry of an order adopting these recommendations, without further order of the Court, if Petitioner has not exhausted his state remedies or filed a motion to extend the stay.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\aaHabeas Orders\98-100 pfd