IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICK TAPIA,**

    **Petitioner,**

vs.                                **No. CIV 98-100 BB/LCS**

**TIM LeMASTER, Warden at New Mexico State Penitentiary, and THE ATTORNEY GENERAL FOR THE STATE OF NEW MEXICO,**

    **Respondents.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court upon Respondents' Motion to Dismiss, filed August 26, 2000 *(Doc. 50)*. The Court, having considered the submissions of the parties, record, relevant law, and being otherwise fully informed makes the following proposed findings:

Proposed Findings

1.      Petitioner Rick Tapia is currently incarcerated and is proceeding *in forma pauperis*. Counsel was appointed for Mr. Tapia by this Court's Order of July 1, 1998 *(Doc. 20)*. Petitioner is confined pursuant to the Judgment, Sentence and Commitment of the Fourth Judicial District Court for the County of Mora, State of New Mexico dated February 9, 1996 ("Judgment and Sentence"). By that Judgment and Sentence, Petitioner was convicted of second degree murder for the killing of Joaquin Martinez and was sentenced to twenty years imprisonment, to be followed by two years of mandatory parole.

2.      Petitioner's conviction followed a jury trial that took place from January 16-20,

1

1996 in Mora, New Mexico. Tapia was a resident of Santa Fe, New Mexico, while the victim was a resident of Mora. Prior to the trial, Tapia's counsel filed a motion for change of venue and three motions requesting continuances. Tapia's counsel cited the small size of the community, pre-trial publicity, and the fact that many members of the venire were friends or relatives of the victim or his family as reasons for the change of venue. As reasons for the first continuance motion, Tapia's counsel cited the need for additional time to complete analysis of the jury panel, to complete investigations, and to obtain additional discovery. As reasons for the second and third motions to continue, Tapia's counsel cited the late disclosure by the prosecution of allegedly exculpatory evidence and the failure to provide laboratory reports on blood samples found on the alleged murder weapon until the eve of trial. The trial judge denied each of these motions.

3. The Petitioner filed a direct appeal on August 20, 1996. Tapia raised a number of issues within his appeal including whether the trial court erred in failing to grant the Petitioner's motions for a change of venue and a continuance. The appellate court affirmed Tapia's conviction by its Memorandum Opinion filed November 27, 1996.

4. Petitioner then filed a Petition for Writ of Habeas Corpus in state court on January 22, 1998. In that petition, Tapia raised issues of ineffectiveness of trial counsel. His argument as presented in that Petition was that by denying him a continuance, his trial counsel did not have time to conduct laboratory tests on the blood found on the suspected murder weapon. He also argued that his counsel was ineffective because she had difficulty meeting with him or investigating the crime scene because she was located in an office in Las Vegas, sixty miles from Mora. Petitioner also raised the issue that he was denied a fair trial because he was not allowed to introduce evidence of his state of mind at the time of the incident. The state district court

summarily dismissed his petition for writ of habeas corpus on January 27, 1998.

      5.      On January 26, 1998, the Petitioner filed his Application for a Writ of Habeas Corpus in this action. Tapia raised six claims including the trial court's failure to grant a change of venue, the trial court's failure to grant Petitioner's continuance, and ineffective assistance in counsel. I made proposed findings in a Recommended Disposition, filed August 12, 1999 (*Doc. 34*), in which I recommended that the Petitioner's ineffective assistance of counsel claims were not fairly presented to the state courts and that state remedies must be exhausted before the Petitioner can file for a Writ of Habeas Corpus in federal court. *See State v. Tapia*, CIV98-00100 (Aug. 12, 1999). I noted that because the issues of trial counsel's failure to exercise peremptory challenges and to present exculpatory evidence were never presented before the New Mexico state courts, the Petitioner had not exhausted his state remedies. *Id*. On September 14, 1999, the district court adopted my Recommended Disposition (*Doc. 37*). The district court stated that I correctly determined that the "new claims (ineffective assistance in counsel based on attorney's failure to exercise peremptory challenges and failure to present exculpatory evidence) were not presented to the state courts in the same legal posture as they were presented to this Court." I allowed the Petitioner until October 10, 1999 to file, with the state court, a habeas corpus petition which would include these two claims. I also held that the remaining exhausted claims, that were presented to federal court, within the Petitioner's first habeas corpus petition were to be held in abeyance.

      6.      The Petitioner filed a second Petition for Writ of Habeas Corpus in state court on September 29, 1999. In that petition, Tapia raised two claims of ineffective assistance in counsel. The first claim asserted that he was denied his Sixth Amendment right to effective assistance in

counsel by virtue of his attorney's failure to introduce exculpatory evidence during his trial. (Amended Answer Ex. N at 1-2). The second claim asserted that the Petitioner was denied his Sixth Amendment right to effective assistance of counsel because of his attorney's failure to exercise unused peremptory challenges to strike prejudiced jurors. (Amended Answer Ex. N at 5). The state district court denied his petition for Writ of Habeas Corpus on February 29, 2000. (Amended Answer Ex. O).

7. Once Tapia exhausted his state court remedies with respect to the ineffective assistance of counsel claims, on April 5, 2000 he filed a motion in federal court for an order allowing him to amend his petition. (*Doc. 42*). This Court granted Petitioner's Motion to Amend Petition. The order stated that the "Petitioner is granted leave to amend the petition to include ineffective assistance of counsel claims based on his trial attorney's alleged failure to introduce exculpatory evidence and failure to exercise unused peremptory challenges to strike jurors." (*Doc. 47*).

8. Subsequently, the Petitioner filed an Amended Petition for Writ of Habeas Corpus in federal court on July 6, 2000. (*Doc. 48*). Tapia brought four claims in his amended petition:

> 1) Petitioner was denied his Sixth Amendment right to a fair trial when the trial court refused to grant the Petitioner a continuance to allow his counsel time to adequately prepare for trial, and to discover and develop exculpatory evidence in light of the state's last minute disclosure of inculpatory evidence.
>
> 2) Petitioner was denied his Sixth Amendment right to counsel because of his attorney's failure to introduce exculpatory evidence and failure to exercise unused peremptory challenges on prejudiced jurors.
>
> 3) Whether Petitioner was denied his Sixth Amendment right to a fair trial by the trial court's refusal to change the venue of Petitioner's trial from Mora, New Mexico.
>
> 4) Whether Petitioner's trial was so infected by error as to render his trial fundamentally

unfair in violation of his rights under the Sixth and Fourteenth Amendments. In summary, claims Nos.1 and 3 were brought in Petitioner's first petition and were held to be sufficiently exhausted. Claim No.2 contains claims that the Petitioner was ordered to exhaust in state court. Finally, claim No.4 was not brought in either Petitioner's first or second petitions.

9. With respect to claims Nos.1 and 3, the following analysis disposes of both claims since they are similar in nature. The Respondents filed a Motion to Dismiss the Petition on August 22, 2000 (*Doc. 50*). They generally argue that the Petitioner is procedurally defaulted from bringing all these claims and therefore, the Petition for Writ of Habeas Corpus should be dismissed in its entirety. Particularly, they assert that claims Nos.1 and 3 are procedurally defaulted because Tapia failed to present the state trial court and the state appellate court with sufficient evidence to support his positions. (Res.' Mem. at 2). Respondents allege that Claim No.2 is also procedurally defaulted because the Petitioner did not present this claim to the New Mexico courts in his first petition for collateral review. (Res.' Mem. at 2). Finally, they assert that claim No.4 is procedurally defaulted because the Petitioner failed to raise it in his direct appeal. (Res.' Mem. at 2).

10. As I indicated in my previous Recommended Disposition, the requirement that a petitioner seeking relief under 28 U.S.C. § 2254 must exhaust state remedies is not jurisdictional, but is based on concerns of comity and federalism. *See Granberry v. Greer*, 481 U.S. 129, 131 (1987); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). State courts must be afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's appellate review process," including discretionary appeals to the state supreme court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119

S. Ct. 1728, 1731 (1999). Proper respect for state court convictions requires that the prisoner must fairly present these claims to the state courts. *See Demarest*, 130 F.3d at 932. To be a fair presentation of the petitioner's claims, "[t]he prisoner's allegations and supporting evidence must offer the state courts 'a fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Id.* (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).

      11.     A *federal* habeas petitioner must exhaust state remedies by presenting each of his claims to the state courts. If the state courts decline to review the claims on the merits because of a procedural default, and if that procedural default constitutes an independent and adequate state ground, the federal habeas court can only review the claims if petitioner shows either cause and prejudice or a fundamental miscarriage of justice. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Procedural default, however, simply does not apply where there is no state decision that clearly and expressly relies on such procedural default principles. *See Harris v. Reed*, 489 U. S. 255, 263 (1989); *see also Coleman v. Thompson*, 501 U. S. 722, 735 (1991). In *Harris v. Reed*, the Supreme Court held that "a procedural default does not bar consideration of a federal claim on either direct or habeas review *unless* the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U. S. at 263 (*quoting Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)). Federal habeas courts do not sit to correct errors of fact or to relitigate state court trials. This concept was codified when Section 2254(d) was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). In effect, the AEDPA increases the deference to be paid by the federal courts to the state courts factual findings and legal determinations. *See Houchin v. Zavaras*, 107 F. 3d 1465, 1470 (10th Cir. 1997). The Supreme Court recently interpreted the revised standards of

review set forth in AEDPA and held, among other things, that under § 2254(d)(1), a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable. *See Williams v. Taylor*, 120 S.Ct. 1495, 1522 (Apr. 18, 2000). In *Williams*, the Court held that: §2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. A federal habeas court's power to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court is limited to circumstances in which one of two conditions is satisfied: "the state-court adjudication resulted in a decision that (1) 'was contrary to clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States.'" *See Williams*, 120 S.Ct. at 1518 (citing 28 U.S.C.A. § 2254(d)(1)).

12.     Turning to the facts of this case, the Petitioner filed a direct appeal which included claims Nos.1 and 3.[1] The Respondent, in essence, argues that claims No.1 and No.3 were procedurally defaulted because the Petitioner failed to present the court with enough facts to support his arguments. However, in order to prevail on a procedural default claim within a motion to dismiss, the state appellate court must have "clearly and expressly" stated that its judgment

---

[1] The New Mexico Court of Appeals affirmed the conviction on November 27, 1996, and the New Mexico Supreme Court denied certiorari on January 10, 1997. Thus, state remedies have been exhausted as to these claims. *See Smith v. Atkins,* 678 F.2d 883, 885 (10th Cir. 1982) (citing *Sandoval v. Rodriguez*, 461 F.2d 1097, 1098-99 (10th Cir. 1972)).

rests on a state procedural bar. *Harris v. Reed*, 489 U.S. at 263 (*quoting Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)). Procedural default principles simply do not apply where, as here, there is no state decision that clearly and expressly relied on a procedural default in denying Tapia's claims. *See Harris v. Reed*, 489 U. S. 255, 263 (1989); *see also Coleman v. Thompson*, 501 U. S. 722, 735 (1991). When an appellate court reaches an outcome by reviewing the merits of the claim, there is simply no procedural default issue. Consequently, the Respondents' procedural default argument with respect to these two claims is without merit, in my view, because the appellate court's analysis is devoid of any indication that its decision was based on procedural default. The Petitioner justly presented these claims to the appellate court and subsequently the court made its ruling on the merits.

It is also clear that the appellate court's analysis is consistent with and a reasonable application of clearly established federal law. The court heard both the Petitioner's and Respondent's arguments and plainly decided issues Nos.1 and 3 on the merits. *See State v. Tapia*, No. 17,300, slip op. at 2 (N.M. Ct. App. Nov. 27, 1996). The court rejected the Petitioner's change of venue claim on the basis that there was no showing that actual jurors were biased, or that there would not have been enough unbiased jurors following the exercise of peremptory challenges to constitute a jury. *Id.* The court also rejected the Petitioner's continuance claim by stating that Tapia failed to present an indication of how exculpatory evidence could be obtained if the continuance was granted. *See id.* at 4. Therefore, I recommend finding that claims Nos.1 and 3 have been fairly presented to the state courts and have been appropriately exhausted and shall not be dismissed pursuant to Respondents' Motion to Dismiss. However, I do recommend finding that these two claims should be dismissed, even though not on the ground asserted by the

8

Respondents, because they were adjudicated on their merits in front of the New Mexico Appellate Court. *See Harris*, 489 U. S. at 263.

      13.    In addition, these two claims should also be dismissed because they were not properly presented to this Court. According to Federal Civil Rules of Procedure, a court should "freely grant leave to amend when justice so requires." *Stafford v. Saffle,* 34 F.3d 1557, 1560 (10th Cir.1994); *See also* FED. RULE CIV. PRO. 15(a).[2] However, if the petitioner fails to obtain leave of court to amend his petition with respect to certain claims, the petitioner is barred from presenting those claims in federal court. *See* FED. RULE CIV. PRO. 15(a). In this case, the Petitioner received leave of court to amend his petition to include ineffective assistance of counsel claims only: his trial attorney's alleged failure to introduce exculpatory evidence and her failure to exercise unused peremptory challenges to strike jurors. (*Doc. 47*). The order granting leave to amend does not permit the filing of any other claims. Therefore, I recommend dismissing these two claims, irrespective of Respondents' Motion to Dismiss based on procedural default.

      14.    I turn next to claim No.4. Respondents argue that Petitioner's claim No.4 is procedurally defaulted because he failed to appeal this matter to the New Mexico Court of Appeals. The Petitioner claims that claim No.4 is not procedurally barred because it was presented to the state courts in his second petition for post-conviction relief and that the state courts denied it without reliance on the state procedural rule. (Pet.'s Res. at 4). The Court does not find Petitioner's argument persuasive. The Petitioner did not bring a direct appeal of this

---

[2] 28 U. S. C. §2242 provides that an application for a writ of habeas corpus may be amended or supplemented as provided in the rules of procedure applicable to civil actions. FED. RULE CIV. PRO. 15( a) may be used to allow the petitioner to amend his petition. *See* Advisory Committee Note to Rule 5, Rules Governing Section 2254 Cases; *see also* Rule 11 of the Rules Governing Section 2254 Cases.

claim, and is therefore barred from raising it in federal court unless he can show either (1) cause for the failure to appeal and prejudice resulting therefrom, or (2) that the denial of habeas would result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Accordingly, I recommend that claim No.4 be dismissed with prejudice.

15. Once again, claim No.4, as with claims No.1 and No.3, should also be dismissed because it was not properly presented to this Court pursuant to FED. RULE CIV. PRO. 15(a).[3]

16. Lastly, with respect to claim No.2, Petitioner filed a Petition for Writ of Habeas Corpus in state court on January 22, 1998. In that petition, Tapia raised the issue of ineffectiveness of trial counsel. His argument, as presented in that Petition, was that by the court's denial of his motion for a continuance, his trial counsel did not have time to conduct laboratory tests on the blood found on the suspected murder weapon.[4] The 1998 petition did not contain arguments that his counsel failed to introduce exculpatory evidence nor that his attorney failed to exercise unused peremptory challenges. The Petitioner subsequently filed his Application for Writ of Habeas Corpus in federal court raising several issues of ineffectiveness of counsel including counsel's failure to submit exculpatory evidence.[5] As a result, this Court stated that since the Petitioner did not raise certain issues based on ineffectiveness of counsel in front of the New Mexico state courts, state remedies had not yet been exhausted. *See State v. Tapia*, CIV98-

---

[3] *See supra* paragraph No.13 and accompanying text.

[4] In the Petitioner's Brief-in-Chief, he presents the ineffective assistance of counsel issue in a very different light from the way he presents it in his state habeas corpus petition.

[5] The Petitioner's initial Application was filed with this very Court on January 26, 1998 (*Doc. 1*). This Court filed a Magistrate Judge's Proposed Findings and Recommended Disposition on August 12, 1999. (*Doc. 34*).

00100 (Aug. 12, 1999).[6] Thereafter, the Petitioner filed a Petition for Writ of Habeas Corpus with the state court on September 29, 1999 raising the two ineffective assistance of counsel claims. The state court summarily denied Tapia's petition on February 29, 2000. (Amended Answer Ex. O). Once the Petitioner exhausted his claims pursuant to District court's October 1999 order, he filed a motion to amend his federal petition with the federal court of which was granted. (*Doc. 46*). Therefore, this Court finds that claim No.2 has been appropriately presented to the state courts and is not procedurally defaulted.[7]

17.    Tapia's remaining claims of ineffective assistance of counsel within claim No.2 are addressed in an Order to Show Cause to be entered contemporaneously with these Proposed Findings and Recommended Disposition.

## Recommended Disposition

I recommend finding the following disposition of the Respondents' Motion to Dismiss filed August 26, 2000 *(Doc. 50)*:

1.    I recommend that Respondents' Motion to Dismiss be **denied** with respect to **claim No.1**, that he was denied his Sixth Amendment right to a fair trial when the trial court refused to grant the Petitioner a continuance, and **claim No.3**, that he was denied his Sixth

---

[6]   The District Court adopted my Recommended Findings and stated that the Petitioner had until October 10, 1999 to file with the state court a *habeas corpus* petition including these two ineffective assistance claims.

[7]   Claims of ineffective assistance of counsel are traditionally not brought on direct appeal but rather on collateral review. *See Kimmelman v. Morrison*, 477 U.S. 365, 378 (1986) (stating that "the general rules of procedural bar arising from the failure to raise a claim on direct appeal were not well-suited to ineffective assistance of counsel claims, because collateral review will frequently be the only means through which an accused can effectuate the right to counsel due to the fact that a layman will ordinarily be unable to recognize counsel's errors and to evaluate counsel's professional performance without the assistance of a trained lawyer, which he is unlikely to receive until after the trial and appeal are completed.")

Amendment right to a fair trial by the trial court's refusal to change the venue. However, I recommend that claims **Nos.1 and 3** be **dismissed with prejudice**, even though not on the ground asserted by the Respondents, because they were adjudicated on their merits before the New Mexico Court of Appeals.

      2.    I recommend that Respondents' Motion to Dismiss be **granted** with respect to **claim No.4**, that his trial was so infected by error as to render his trial fundamentally unfair in violation of his rights under the Sixth and Fourteenth Amendments and that this claim also be **dismissed with prejudice**.

      3.    I recommend that Respondents' Motion to Dismiss be **denied** with respect to **claim No.2**, that he was denied his Sixth Amendment right to counsel because of his attorney's failure to introduce exculpatory evidence and failure to exercise unused peremptory challenges on prejudiced jurors. However, the merits of these remaining claims of ineffective assistance of trial counsel are subject to an Order to Show Cause of even date.

    Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE

F:\Amanda\Habeas\98-100 pfd